# Federal Defenders
## OF NEW YORK, INC.

Eastern District
16 Court Street-3rd Floor, Brooklyn, NY 11241
Tel: (718) 330-1200 Fax: (718) 855-0760

Leonard F. Joy
*Executive Director and*
*Attorney-in-Chief*

*Eastern District*
Peter Kirchheimer
*Attorney-in-Charge*

May 12, 2006

The Honorable Edward R. Korman
Chief U.S. District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

Re: <u>U.S.A. v. Noureddine Malki, 06-CR-216 (ERK)</u>

Your Honor:

Please accept this letter brief in lieu of a motion to suppress statements made by Mr. Malki during an interrogation that took place while he was in Iraq, on or about September 29, 2005.  The defense seeks to suppress these statements because they were involuntary and the result of duress.  A hearing for the defense motion to suppress physical evidence has been granted and scheduled for June 19, 2006.

## I.  Facts.

Mr. Malki was hired by Titan Corporation to work as an Arabic interpreter with various U.S. Military units stationed in Iraq in 2003.  Prior to going to Iraq, Mr. Malki participated in a federal security clearance background check, and completed a personal history document called an SF-86 as part of this clearance process.  False statements made on an SF-86 are subject to prosecution pursuant to 18 U.S.C. §1001.  Mr. Malki apparently passed the security clearance process and went to work in Iraq in or about September 2003.

In April 2004, while in the United States on leave, Mr. Malki was asked to apply for a higher security clearance.  He completed a new SF-86, and was granted the higher security clearance.  Mr. Malki returned to Iraq in or about June 2004, and continued to work in Iraq until he was injured in or about September 2004.  In September 2004, Mr. Malki returned to the United States for treatment of his shoulder injury, and then returned to Iraq in or about June 2005.

After returning to Iraq in June 2005, Mr. Malki was eventually sent to work with the military on an army base in Mosul, a city in Iraq.  On or about September 29, 2004, while in his residential trailer on base, Mr. Malki was visited by three individuals who identified themselves as agents of the Federal Bureau of Investigation (FBI).  It was evening and Mr. Malki was getting ready to go to work on the night shift.  The agents asked Mr. Malki to leave his trailer and come with them to a Department of Defense (DOD) office in the palace (another

building on base) to discuss his background investigation. Mr. Malki agreed to go with the men.

As they were walking to the palace, the agents told Mr. Malki that there were some discrepancies in his background investigation that they were concerned about. The men went into the DOD office in the palace, and the agents told Mr. Malki that they would begin with questions about his background. Mr. Malki asked what the questions had to do with the discrepancies. The agents told Mr. Malki that this was what the questioning was about, they were going to question him about his SF-86, among other things, and that if he did not answer the questions, he would be sent home. Mr. Malki understood this to mean that he would lose his job and he agreed to answer the agents' questions. The government now seeks to introduce the statements Mr. Malki made that evening as evidence in the instant case.

## II. Law.

The government bears the burden of proving the voluntariness of any testimonial evidence it wishes to present at trial. Colorado v. Connelly, 479 U.S. 157, 168 (1986).

In Garrity v. New Jersey, 385 U.S. 493 (1967), the Supreme Court held that statements obtained under threat of removal from office were coerced and not voluntary and could not be used in subsequent criminal proceedings. Id. at 500. In Garrity, New Jersey police officers were questioned as part of an investigation into the alleged fixing of traffic tickets. Before the officers were questioned, they were told that anything they said might be used against them, that they had the privilege to refuse to answer a question if it might incriminate them, but that if they refused to answer the questions, they would be subject to removal from office. Id. at 494.

The Court found that the choice imposed upon the police officers was one between self-incrimination or job forfeiture. The Court found that such a practice exerted "such pressure upon an individual as to disable him from making a free and rational choice" and made the statements involuntary. Id. at 497. The Court explained that "where the choice is between the rock and the whirlpool, duress is inherent in deciding to waive one or the other" and while "[i]t is always is for the interest of a party under duress to choose the lesser of two evils . . . the fact that a choice was made according to interest does not exclude duress. It is the characteristic of duress properly so called." Id. at 498 (internal quotation marks and citations omitted.)

## III. Application of the law to Mr. Malki's case.

Mr. Malki was in the same situation as the police officers in Garrity. The FBI agents told Mr. Malki that he would be questioned about discrepancies in his SF-86. At the time he completed the SF-86, Mr. Malki was warned that any false statement on the SF-86 would make him subject to prosecution. As a result, when the FBI agents questioned Mr. Malki, any discrepancies on his SF-86 that were the result of false statements would make Mr. Malki subject to prosecution pursuant to 18 U.S.C. §1001. However, the agents told Mr. Malki that if he chose not to answer their questions, he would be sent home from Iraq. Since Mr. Malki's sole

employment with Titan was to work as an interpreter in Iraq with the U.S. Military, being sent home meant that he would lose his job. Mr. Malki then chose the lesser of two evils, and agreed to speak to the FBI agents, but his choice was clearly made under duress. As a result, the statements Mr. Malki made to FBI agents in Mosul, Iraq on or about September 29, 2005, should be suppressed because they were involuntary.

Respectfully submitted,

Mildred M. Whalen
Staff Attorney
(718) 330-1290

cc:     Assistant U.S. Attorney Jeffrey Knox, Esq.
        ECF
        Mr. Noureddine Malki, MDC