# UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

_____

**MANDATE**

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of June, two thousand and thirteen.

Before:  DENNY CHIN
       RAYMOND J. LOHIER,
          *Circuit Judges*, and
       JOHN F. KEENAN,
          *District Judge.\**

_____

United States of America,

      Appellee,

      v.

Noureddine Malki, AKA Abdulhakeem Nour,

AKA Almalik Nour, AKA Abu Hakim, AKA Almaliki Nour,

      Defendant - Appellant.

_____

**JUDGMENT**

Docket Nos. 12-3167 (L)
              12-3178 (Con)

The appeal in the above captioned case from a judgment of the United States District Court for the Eastern District of New York was argued on the district court's record and the parties' briefs.  Upon consideration thereof,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the judgment of the district court is VACATED, and the case is REMANDED in accordance with the opinion of this court.

For The Court:

Catherine O'Hagan Wolfe,

Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

MANDATE ISSUED ON 06/24/2013

_____

\*      The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

12-3167-cr (L)
United States v. Malki

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2012

(Argued:  May 14, 2013    Decided:  June 11, 2013)

Docket Nos. 12-3167-cr (L), 12-3178-cr (CON)

————————————————

UNITED STATES OF AMERICA,

*Appellee*,

v.

NOUREDDINE MALKI, AKA ABDULHAKEEM NOUR, AKA ALMALIK NOUR, AKA ABU
HAKIM, AKA ALMALIKI NOUR,

*Defendant-Appellant*.

————————————————

Before:
     CHIN and LOHIER, *Circuit Judges*, and
          KEENAN, *District Judge*.[*]

————————————————

Appeal from a judgment of the United States

District Court for the Eastern District of New York (Cogan,

*J.*) resentencing defendant-appellant for retaining

---

[*]     The Honorable John F. Keenan, of the United States
District Court for the Southern District of New York, sitting by
designation.

classified documents without authorization in violation of 18 U.S.C. § 793(e).  The district court engaged in a *de novo* resentencing.  Because we conclude that our prior mandate remanded the case for limited and not *de novo* resentencing, we remand, again, for resentencing.

VACATED AND REMANDED.

————————————————

DANIEL S. SILVER, Assistant United States Attorney (David C. James, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York, *for Appellee.*

JAMES I. GLASSER, Wiggin and Dana LLP, New Haven, Connecticut, *for Defendant-Appellant.*

————————————————

PER CURIAM:

This is the second appeal by defendant-appellant Noureddine Malki from a sentence imposed by the district court for retaining classified documents without authorization in violation of 18 U.S.C. § 793(e).  In the first appeal, we vacated Malki's sentence and remanded for resentencing.  The issue presented in this appeal is

-2-

whether the case was remanded for a limited or a *de novo* resentencing.  The district court, on remand, engaged in a *de novo* resentencing.  We conclude that this was error, and thus we remand, again, for resentencing.

### BACKGROUND

**A.    *The Guilty Plea and Sentencing***

Between 2003 and 2005, Malki, a civilian translator, worked with U.S. military personnel in Iraq. After two separate tours of duty, Malki was found in possession of four classified documents, despite having previously affirmed that he did "not have in [his] possession or control any documents or material of a classified nature."  Malki knew that these documents were in his possession, but he made no effort to return them.

In 2008, he was convicted following a guilty plea of retaining classified documents without authorization in violation of 18 U.S.C. § 793(e).  At sentencing, several issues were raised.  One question was whether Malki should receive a two-level enhancement for abuse of a position of trust under section 3B1.3 of the U.S. Sentencing Guidelines (the "Guidelines" or "U.S.S.G.").  The district court

(Korman, *J.*) indicated that it was inclined to follow the Probation Department's recommendation that the enhancement not apply:

> THE COURT:  So I am inclined to accept [Probation]'s recommendation as to the guideline calculation but if [the government] want[s] to be heard --
>
> [THE GOVERNMENT]:  No, your Honor.
>
> THE COURT:  Okay.

Sentencing Tr. 2:19-23, Apr. 22, 2008.  Hence, without objection from the government, the district court decided not to apply the abuse of trust enhancement.

An additional issue was whether Malki had deliberately gathered (rather than merely retained) the documents.  The district court found that Malki had gathered the four classified documents.  Thus, after applying section 2M3.2 of the Guidelines, applicable to gathering national defense information, the district court calculated a sentencing range of 121-151 months' imprisonment.  *See* U.S.S.G. § 2M3.2.  The district court then sentenced Malki to 121 months' imprisonment, at the bottom of the Guidelines range.

-4-

**B.**    *The First Appeal*

Malki appealed his sentence.  The government did not cross-appeal or otherwise challenge the district court's decision not to impose the enhancement for abuse of a position of trust.

Upon review, a panel of this Court concluded that, notwithstanding the district court's finding that Malki had gathered classified information, because Malki had not been *charged* with "gathering" classified information, his Guidelines range should have been calculated using section 2M3.3, a provision applicable to retaining classified information.  *United States v. Malki*, 609 F.3d 503, 509-10 (2d Cir. 2010).  The Guidelines provision applicable to retaining classified information would have reduced Malki's base offense level by six.  *Compare* U.S.S.G. § 2M3.3 (base offense level of 24 for retaining classified information that is not top secret), *with id.* § 2M3.2 (base offense level of 30 for gathering classified information that is not top secret).  Furthermore, as to other issues raised by Malki, the panel concluded that the district court did not err by imposing a sentencing enhancement for obstruction of

-5-

justice or by denying Malki a reduction for acceptance of responsibility, *id.* at 511-12, and that the district court had faithfully considered the 18 U.S.C. § 3553(a) statutory factors, *id.* at 512.  The panel then remanded for resentencing.  *Id.*

C.   *The Resentencing*

On remand, the case was reassigned.  The district court (Cogan, *J.*) conducted sentencing proceedings over several days.  In relevant part, like Judge Korman, Judge Cogan concluded that Malki was responsible for "gathering" the four classified documents.

Further, at the government's request, Judge Cogan reopened the issue of whether the two-level enhancement for abuse of a position of trust should apply.  Malki argued that Judge Korman had already rejected the enhancement and the government chose not to appeal that decision, and that, therefore, the court could not reconsider the adjustment in light of the government's waiver and what Malki contended was the Second Circuit's remand for limited resentencing. The government, by contrast, argued that our prior mandate remanded the case for *de novo* resentencing, thereby

-6-

allowing the district court to revisit Judge Korman's factual findings and Guidelines calculations.  The district court acknowledged some ambiguity, but ultimately concluded that our previous mandate contemplated *de novo* resentencing:

> THE COURT:  . . .  I do think what the Second Circuit was saying is, in light of the wrong base level having been used, the whole thing should be done over.  That is the way I interpret that decision.
>           The matter is not free from doubt.  The circuit perhaps could have been clearer on it. But I do think that they wanted a whole new look at the sentence in light of the misapplication of the base level.

Resentencing Tr. 21:21-22:3, Aug. 1, 2012.  Judge Cogan then concluded that a two-level enhancement for abuse of a position of trust applied.  *See* U.S.S.G. § 3B1.3.  After accounting for this enhancement, and applying the Guidelines provision applicable to retaining classified information, the district court calculated Malki's Guidelines range to be 78-97 months' imprisonment.  In light of its finding that Malki had deliberately gathered the classified documents, however, the district court imposed an above-Guidelines sentence of 108 months'

-7-

imprisonment.  Malki has been imprisoned since approximately November 2007.

This appeal followed.

### DISCUSSION

On appeal, Malki challenges both the procedural and substantive reasonableness of his sentence.  For the reasons described below, we conclude the district court procedurally erred when sentencing Malki.  In light of our disposition of this appeal, we do not address Malki's arguments as to the substantive reasonableness of his sentence.

### A.   Applicable Law

#### 1.   Procedural Reasonableness

A district court procedurally errs by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).  In reviewing a sentence

-8-

for such procedural errors, we apply "a particularly

deferential form of abuse-of-discretion review." *United*

*States v. Cavera*, 550 F.3d 180, 187-88 & n.5 (2d Cir. 2008)

(en banc); *accord United States v. Broxmeyer*, 699 F.3d 265,

278 (2d Cir. 2012).

    2.   *Mandate Rule*

When we overturn a sentence without vacating one

or more underlying convictions and remand for resentencing,

the "default rule" is that the remand is for limited, and

not *de novo*, resentencing. *United States v. Quintieri*, 306

F.3d 1217, 1228-29 n.6 (2d Cir. 2002). When our remand is

limited, the mandate rule generally forecloses re-

litigation of issues previously waived by the parties or

decided by the appellate court. *See id.* at 1225.

Similarly, it "also precludes re-litigation of issues

impliedly resolved by the appellate court's mandate." *Yick*

*Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010).

Although a mandate may, of course, call for *de*

*novo* resentencing, thereby allowing parties to reargue

issues previously waived or abandoned, a mandate should not

be so interpreted unless it clearly says so or our intent

-9-

that resentencing be *de novo* is evident from "the broader 'spirit of the mandate.'"   *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001) (citation omitted).   The presumption of limited resentencing may be overcome if issues "became relevant only after the initial appellate review" or if the court is presented with a "cogent or compelling reason for resentencing *de novo*."   *United States v. Hernandez*, 604 F.3d 48, 54 (2d Cir. 2010) (citation and internal quotation marks omitted).

B.   *Application*

1.   *Remand for Limited Resentencing*

When Malki's case was last before us, a panel of this Court "remanded for resentencing so that the determination of an appropriate sentence, whether a Guidelines or a non-Guidelines sentence, will begin with the use of section 2M3.3 as the applicable sentencing guideline."   *Malki*, 609 F.3d at 512.   Malki argues that the district court -- wrongly -- interpreted this mandate as a remand for *de novo* sentencing and, therefore, miscalculated his Guidelines range by adding the two-level enhancement for abuse of a position of trust.   We agree.

-10-

The text of the mandate did not unequivocally identify whether we contemplated limited or *de novo* resentencing. Nor was it evident from the "'spirit of the mandate'" that we intended *de novo* resentencing. To the contrary, the mandate identified only a specific error to be corrected -- the use of the incorrect guideline when calculating Malki's Guidelines range. *Malki*, 609 F.3d at 510-11. We did not vacate Malki's conviction, but remanded for correction of a *sentencing error*; this suggests that the prior panel intended a limited resentencing. *See Quintieri*, 306 F.3d at 1226, 1228 & n.6. Furthermore, we addressed -- and disposed of -- three additional arguments raised by Malki, *see Malki*, 609 F.3d at 511-12, which would have been unnecessary had we contemplated *de novo* resentencing proceedings.

The district court acknowledged the lack of clarity in our remand order. *See* Resentencing Tr. 21:25-22:1 ("The matter is not free from doubt. The circuit perhaps could have been clearer on it."). Although our prior mandate could have -- and should have -- been more explicit, to the extent the mandate was unclear, the

-11-

ambiguity should have been resolved in Malki's favor.  *Cf., e.g., United States v. Saccoccia*, 433 F.3d 19, 28 (1st Cir. 2005) ("[W]e must read any ambiguities or omissions in a court order as redounding to the benefit of the person charged with contempt." (quotation and omission omitted)); *United States v. Raftis*, 427 F.2d 1145, 1146 (8th Cir. 1970) (per curiam) ("[T]he law construes ambiguous language in a sentence pronouncement favorably to a prisoner.").

Although, on rare occasions, parties may re-litigate issues foreclosed by a limited mandate, this is not such a case.  Before Judge Korman, the government did not object to omitting the enhancement for abuse of a position of trust even though it had "both an opportunity and an incentive to raise it."  *Quintieri*, 306 F.3d at 1229.  Likewise, it did not appeal Judge Korman's decision not to impose this enhancement.  Furthermore, neither "intervening circumstances" nor "cogent or compelling reasons" justified reconsidering Judge Korman's finding during the resentencing phase.  *See, e.g., United States v. Bryson*, 229 F.3d 425, 426 (2d Cir. 2000) (per curiam); *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000)

-12-

(citing, as examples of compelling reasons, a change in law, new evidence, correction of a clear error, and preventing manifest injustice).

A change in the base offense level, rather than "undo[ing] the entire 'knot of calculation,'" merely requires transposing adjustments to a new baseline range. *See Quintieri*, F.3d at 1228 ("[R]esentencing to correct specific sentencing errors does not ordinarily undo the entire 'knot of calculation.'").  Hence, the district court procedurally erred by adding a two-point offense-level enhancement for abuse of a position of trust.  *See Cavera*, 550 F.3d at 190 (district court errs when it "makes a mistake in its Guidelines calculation").

## 2.  *Other Alleged Procedural Errors*

Malki raises three additional arguments challenging the procedural reasonableness of the district court's sentence, none of which has merit.  First, he contends that the district court made clearly erroneous findings that he had deliberately gathered four classified

-13-

documents.[1]  The record amply supported the district court's finding of deliberate gathering and its conclusion that Malki was "an acknowledged liar" who had been untruthful in his testimony before the court.  *See United States v. Iodice*, 525 F.3d 179, 185 (2d Cir. 2008) (we accord "particularly strong deference" to district court findings based on credibility determinations).  Thus, we are not "left with the definite and firm conviction that a mistake has been committed," *United States v. Murphy*, 703 F.3d 182, 188 (2d Cir. 2012) (citation and internal quotation marks omitted), and conclude that Malki has identified no clear procedural error.

Second, Malki argues that the district court did not adequately explain its sentence.  The district court, however, made "an individualized assessment based on the facts presented," which addressed Malki's motives for committing the offense, and his deliberate removal of the

---

[1]    Although Judge Korman made a finding on this point, which Malki did not appeal, we do not consider this issue foreclosed by the limited mandate.  New evidence that allegedly undercut Malki's motive to engage in deliberate gathering of classified information had been produced by the government during the intervening sentencing dates.  *See United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000).

-14-

classified documents -- an aggravating factor at sentencing. *Gall*, 552 U.S. at 50.  Furthermore, the court repeatedly emphasized that this was a wartime offense and that allegedly comparable cases offered by the defense had not occurred "in a war zone, with soldiers' lives at stake."  Resentencing Tr. 92:13-14.  The district court then reiterated these points in its statement of reasons justifying the above-Guidelines sentence.  We conclude that these explanations sufficiently explained the district court's sentence in a manner that would "allow for meaningful appellate review."  *Gall*, 552 U.S. at 50.

Third, to the extent that Malki argues that the district court did not explain its deviation from Judge Korman's sentence, we conclude that no particular explanation was necessary.  In the past, we have required that a second judge resentencing a defendant on largely identical facts explain any variation from a prior, vacated, sentence imposed by a different judge.  *See United States v. Johnson*, 273 F. App'x 95, 101 (2d Cir. 2008) (summary order).  There, however, the district court imposed a significantly longer sentence on remand with

-15-

hardly any justification at all.  *Id.*  By contrast, in absolute terms, the 108-month sentence imposed by the district court here was *less* than the 121-month sentence imposed by Judge Korman.  Thus, notwithstanding the new evidence introduced by Malki, after "giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts," *Cavera*, 550 F.3d at 190, we conclude that the district court's explanation was sufficient.

*   *   *

In light of our decision to remand for the limited purpose of correcting the procedural error noted above, we do not address Malki's challenge to the substantive reasonableness of his sentence.

### CONCLUSION

For the foregoing reasons, we VACATE the sentence of the district court and REMAND for resentencing.  To be clear, this is a remand for a limited, and not a *de novo*, resentencing, and the district court shall resentence Malki by recalculating the Guidelines range without the two-level enhancement for abuse of a position of trust, and without

-16-

re-litigating issues previously waived or abandoned by the parties, or decided by this or the prior panel.  The mandate shall issue forthwith.